UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KOLEAN ENGLAND,

    Plaintiff,                                    Hon. Janet T. Neff

v.                                                    Case No. 1:17-cv-185

JAMES O'BRIANT,

    Defendant.
_____/


## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Plaintiff's Motion for Summary Judgment</u>. (ECF No. 22). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.


## BACKGROUND

The following allegations are contained in Plaintiff's complaint. In October 2010, Plaintiff retained Defendant, who was then licensed to practice law in Michigan, to file a malpractice action against another attorney. Plaintiff paid Defendant twenty thousand dollars ($20,000.00) for his services. During the pendency of this action, Plaintiff retained Defendant to pursue a second action against Oaklawn Hospital alleging violation of Plaintiff's rights under the Health Insurance Portability and Accountability Act of 1996 (HIPAA). Defendant failed to professionally pursue either action and eventually dismissed both matters with prejudice without first obtaining Plaintiff's

- 1 -

consent. After learning of Defendant's conduct, Plaintiff filed a complaint with the Michigan Attorney Grievance Commission which ultimately found Defendant guilty of professional misconduct in several matters, including Plaintiff's two matters. As a result, Plaintiff was disbarred from practicing law in the state of Michigan. Plaintiff initiated the present action against Defendant on February 22, 2017, alleging state law claims for professional negligence and fraud. Defendant has failed to respond to Plaintiff's motion.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his]

mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

I. **Subject Matter Jurisdiction**

Before addressing Plaintiff's motion, a brief word concerning the Court's jurisdiction is appropriate. In her complaint, Plaintiff alleges that the Court has jurisdiction over her claims pursuant to 28 U.S.C. § 1331, which provides that the Court has jurisdiction over civil actions arising under "the Constitution, laws, or treaties of the United States." This is commonly known as federal question jurisdiction. While Plaintiff cites to the Sixth Amendment in her complaint, her claims arise under state law. As Plaintiff expressly alleges, Defendant committed legal malpractice and fraud, matters which arise under state law. While the Court cannot properly exercise federal question jurisdiction in this matter, jurisdiction is nevertheless proper in this Court based upon diversity of citizenship. *See* 28 U.S.C. § 1332. Plaintiff and Defendant are citizens of different states and Plaintiff has alleged damages well in excess of $75,000. Thus, the Court finds that it can properly exercise jurisdiction over the subject matter of Plaintiff's complaint.

II. **Professional Malpractice**

Under Michigan law, the elements of a legal malpractice claim are as follows: (1) the existence of an attorney-client relationship; (2) negligence in the legal representation of the plaintiff; (3) the negligence was a proximate cause of an injury; and (4) the fact and extent of the injury alleged. *See Bowden v. Gannaway*, 871 N.W.2d 893, 895 (Mich. Ct. App. 2015). To establish proximate cause, Plaintiff "must show that but for the attorney's alleged malpractice, [she] would have been successful in the underlying suit." *Id.*

In support of her motion for summary judgment, Plaintiff has submitted two items of evidence: (1) the written report authored by the State of Michigan Attorney Discipline Board regarding the various claims of misconduct asserted against Defendant; and (2) the order of disbarment entered by the State of Michigan Attorney Discipline Board. (ECF No. 22 at PageID.74-84). Plaintiff also attached to her complaint an affidavit. (ECF No. 1 at PageID.8).

While this evidence is sufficient to establish the first two elements of Plaintiff's malpractice claim, Plaintiff has presented no evidence establishing the last two elements. Specifically, Plaintiff has presented no evidence demonstrating that but for Defendant's misconduct she would have prevailed in either of the legal actions in question. Likewise, Plaintiff has presented no evidence establishing the nature and extent of any injury she allegedly suffered. The State of Michigan Attorney Discipline Board made no findings with respect to these particular elements. The Court also notes that according to the State of Michigan Attorney Discipline Board report, Defendant has already repaid to Plaintiff the twenty thousand dollars ($20,000.00) he was initially paid. (ECF No. 22 at PageID.80). In sum, Plaintiff has failed to demonstrate that she is entitled to prevail on this particular claim.

**III.      Fraud**

Under Michigan law, to prevail on her claim of fraud, Plaintiff must establish the following elements: (1) Defendant made a material representation; (2) the representation was false; (3) when Defendant made the representation he knew it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that Defendant made the assertion with the intention that it should be acted upon by Plaintiff; (5) Plaintiff acted in reliance upon the assertion;

- 5 -

and (6) she suffered an injury as a result. *See Titan Ins. Co. v. Hyten*, 817 N.W.2d 562, 568 (Mich. 2012). The evidence submitted by Plaintiff is simply insufficient to establish these various elements. Again, the State of Michigan Attorney Discipline Board made no findings with respect to these particular elements. Moreover, Plaintiff's affidavit is insufficient to satisfy these elements. In sum, Plaintiff has failed to demonstrate that she is entitled to prevail on this particular claim.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Summary Judgment, (ECF No. 22), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: September 18, 2017  /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge