UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KOLEAN ENGLAND,

       Plaintiff,                                    Hon. Janet T. Neff

v.                                                   Case No. 1:17-cv-185

JAMES O'BRIANT,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment, (ECF No. 34), and Plaintiff's Declaration for Entry of Default, (ECF No. 38). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **denied** and Plaintiff's motion be **denied without prejudice**.

## BACKGROUND

The following allegations are contained in Plaintiff's complaint. In October 2010, Plaintiff retained Defendant, who was then licensed to practice law in Michigan, to file a malpractice action against another attorney. Plaintiff paid Defendant twenty thousand dollars ($20,000.00) for his services. During the pendency of this action, Plaintiff retained Defendant to pursue a second action against Oaklawn Hospital alleging violation of Plaintiff's rights under the Health Insurance Portability and Accountability Act of 1996 (HIPAA). Defendant failed to professionally pursue either action and eventually dismissed both matters with prejudice without first obtaining Plaintiff's consent. After learning of Defendant's conduct, Plaintiff filed a complaint with the Michigan

- 1 -

Attorney Grievance Commission which ultimately found Defendant guilty of professional misconduct in several matters, including Plaintiff's two matters. As a result, Plaintiff was disbarred from practicing law in the state of Michigan. Plaintiff initiated the present action against Defendant on February 22, 2017, alleging state law claims for professional negligence and fraud. Defendant now moves for summary judgment and Plaintiff moves for entry of default judgment.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

**I.       Defendant's Motion for Summary Judgment**

Defendant argues that he is entitled to summary judgment on the ground that Plaintiff has failed to identify any expert witnesses or otherwise indicate that she will at trial present expert testimony. (ECF No. 35 at PageID.114-15). According to Defendant, "Michigan case law clearly establishes that the Plaintiff must have expert testimony in a legal malpractice claim." (ECF No. 35 at PageID.115). Plaintiff counters that testimony from an expert is unnecessary given the nature of Defendant's alleged conduct. (ECF No. 43 at PageID.140-44).

In *Jacobson v. Lloyd*, 2011 WL 1376312 (Mich. Ct. App., Apr. 12, 2011), Jacobson employed Lloyd, an attorney, to represent him in an action against Norfolk, a development corporation. *Id.* at *1. Jacobson's claims against Norfolk were eventually dismissed, after which Jacobson asserted a legal malpractice claim against Lloyd. *Id.* at *1-2. Lloyd eventually moved for summary disposition on multiple grounds, including that Jacobson was required under Michigan law to present expert testimony in support of his legal malpractice claim. *Id.* at *2. Lloyd's motion was granted on the ground that "plaintiff's promise of producing at some point the necessary expert testimony is insufficient to create a genuine issue of material fact." *Ibid.* Jacobson appealed the matter arguing, in part, that "summary disposition was improper because defendants' breach was clear and obvious such that no expert was required." *Id.* at *4.

The Michigan Court of Appeals denied Jacobson's appeal, stating that "[a]s a general rule, expert testimony is required in a legal malpractice action in order to establish the applicable standard of conduct, the breach of that standard, and causation." *Ibid.* (citation omitted). The court further observed, however, that "where the absence of professional care is so manifest that within the

common knowledge and experience of an ordinary layman it can be said that the defendant was careless, a plaintiff can maintain a malpractice action without offering expert testimony." *Ibid.* (citation omitted). The court nevertheless affirmed the decision to grant Lloyd's motion for summary disposition on the following ground:

> Plaintiff's malpractice claim is based on the argument that defendants were negligent in formulating and supporting a response to Norfolk's motion for summary disposition. This involves the implemented litigation strategy. Litigation strategy is not the type of knowledge that would be in an ordinary lay juror's experience. An expert would be needed to examine the circumstances of the case and ascertain the applicable standard of care, and whether defendant's breached that standard.

*Ibid.* (citation omitted).

In sum, Defendant's argument that a plaintiff alleging legal malpractice must, in every case, present expert testimony is simply not accurate. Rather, the question is whether Plaintiff's claims of legal malpractice involve matters which "an ordinary lay juror" can understand without the assistance of an expert. On this question, Defendant offers neither argument nor evidence. Plaintiff alleges that she hired Defendant to represent her in certain legal matters, but that Defendant, without authorization or justification, simply abandoned these matters to her detriment. In the court's estimation, an ordinary lay person is more than capable of understanding Plaintiff's allegations and, assuming such are established, determining whether such advances Plaintiff's cause. Accordingly, the undersigned recommends that Defendant's motion for summary judgment be denied.

**II.        Plaintiff's Motion for Default**

Plaintiff, citing to Federal Rule of Civil Procedure 55(a), argues that she is entitled to entry of default because Defendant has "returned. . .without process" several items that she served on Defendant. Pursuant to Rule 55(a), entry of default is appropriate where a defendant fails to plead or otherwise defend the claims against him. While Defendant failed to appear at a settlement conference

as ordered, (ECF No. 31), Defendant timely answered Plaintiff's complaint and has defended against Plaintiff's claims by filing the aforementioned motion for summary judgment. Accordingly, the Court finds that, at this juncture, entry of default is not warranted. Accordingly, the Court recommends that Plaintiff's motion be denied without prejudice. In the event Defendant, going forward, disregards motions, discovery requests, or otherwise fails to defend, Plaintiff may again move the Court for appropriate relief.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendant's Motion for Summary Judgment</u>, (ECF No. 34), be **denied**; and <u>Plaintiff's Declaration for Entry of Default</u>, (ECF No. 38), be **denied without prejudice**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: December 29, 2017  /s/ Ellen S. Carmody
ELLEN S. CARMODY
U.S. Magistrate Judge