UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

KOLEAN ENGLAND,

    Plaintiff,

v.                                                                            Hon. Janet T. Neff

JAMES M. O'BRIANT,                                    Case No. 1:17-cv-00185

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Default Judgment (ECF No. 59), which was referred to the undersigned by the Honorable Janet T. Neff for report and recommendation under 28 U.S.C. §636(b)(1)(B). A hearing on the motion was held April 30, 2018.

Because of his failure to keep the court apprised of his location and failure to attend court proceedings as ordered, default was entered pursuant to Fed. R. Civ. P. 55(a) as to defendant James M. O'Briant on March 20, 2018 (ECF No. 57). Plaintiff appeared for the April 30, 2018 hearing on the motion for default judgment, but defendant James M. O'Briant did not appear for the hearing or contact the court in any way.

## STANDARD

The rule governing default judgment is Fed. R. Civ. P. 55(b), which reads as follows:

> (b) Entering a Default Judgment.
>
> > (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount

due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

    (A) conduct an accounting;

    (B) determine the amount of damages;

    (C) establish the truth of any allegation by evidence; or

    (D) investigate any other matter.

Because the default judgment sought is not for a sum certain or a sum that can be made certain by computation, the matter is governed by Fed. R. Civ. P. 55(b)(2).

## DISCUSSION

Defaulting defendant James M. O'Briant is not a minor or an incompetent person. As this defendant has not answered or otherwise pled, the allegations against defendant James M. O'Briant are deemed admitted pursuant to Fed. R. Civ. P. 8(b)(6).

At the April 30, 2018, hearing, plaintiff Kolean England gave testimony regarding her interactions with defendant and her damages suffered as a result of his actions or failures to act. Defendant has offered no defense to these allegations or the amount of damages sought.

2

## **DAMAGES**

Plaintiff requested $100,000 in damages for her fraud claim and $50,000 for her professional negligence claim at the April 30, 2018, hearing. I find these amounts facially reasonable. Plaintiff testified under oath regarding these matters and no defense has been offered.

## **CONCLUSION**

Given the posture of this case and the testimony of plaintiff Kolean England, I recommend that Plaintiff's Motion for Default Judgment (ECF No. 59) be GRANTED, and that default judgment in the amount of $150,000 be entered against defaulting defendant James M. O'Briant.

Dated: May 17, 2018                                 /s/ Ellen S. Carmody
                                                                    ELLEN S. CARMODY
                                                                    U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).