UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KOLEAN ENGLAND,

                    Plaintiff,                                   Hon. Janet T. Neff

v.                                                               Case No. 1:17-cv-185

JAMES M. O'BRIANT,

                    Defendant.
_____/

## REPORT AND RECOMMENDATION

On June 6, 2018, the Court entered a default judgment for Plaintiff against Defendant, James O'Briant, in the amount of $150,000.00.   (ECF No. 69.)   Plaintiff has been unsuccessful in her efforts to collect the judgment from O'Briant because she is unable to locate him.   Plaintiff hired an investigator, who Plaintiff thought had located O'Briant in Florida, but it turned out to be the wrong person.   Plaintiff cannot afford to hire another investigator and, therefore, seeks assistance from the Court.   She now requests that the Court issue a writ of assistance directing the Marshal's office to locate O'Briant by issuing an arrest warrant.

For the following reasons, the undersigned recommends that Plaintiff's Motion to Obtain a Writ of Assistance (ECF No. 119) be **denied**.

Plaintiff cites Fed. R. Civ. P. 70(d) and the All Writs Act, 28 U.S.C. § 1651, as authority for issuance of a writ of assistance.   Rule 70(d) provides that "[o]n application by a party who obtains a judgment or order for possession, the clerk must issue a writ of execution or assistance."   Pursuant to the All Writs Act, district courts may "issue all writs necessary or appropriate in aid

of their respective jurisdictions and agreeable to the usages and principles of law."   28 U.S.C. §

1651(a).   The plain language of Rule 70(d) indicates the circumstances in this case are not

appropriate for a writ of assistance.   The scope of Rule 70 and, consequently, the writ of assistance

in federal jurisprudence, is limited.   The rule is a remedial provision that "gives the courts ample

power to deal with parties who seek to thwart judgments by refusals to comply with orders to

perform specific acts."   12 C. Wright & A. Miller, Fed. Prac. & Proc. 3021 (2d ed.).   Courts

typically employ writs of execution to enforce judgments awarding possession of real or personal

property.   *See United States v. One(1) Douglas A-26B Aircraft*, 662 F.2d 1372, 1374 (11th Cir.

1981) (noting that Rule 70 "permits district courts to issue writs of assistance in aid of judgments

ordering delivery of possession of property").   For example, federal courts have employed writs

of assistance to order evictions.   *See United States v. Real Prop. & Premises Known as 63-39*

*Trimble Rd., Woodside N.Y.*, 860 F. Supp. 72, 74 (E.D.N.Y. 1994).   In *63-39 Trimble Road*, the

court concluded that the government was entitled to a writ of assistance authorizing the Marshal

to enter and take possession of the premises at issue to effectuate the court's forfeiture order

pursuant to 21 U.S.C. § 881(a)(7).   *Id.* at 76.   Similarly, in *United States v. 0.37 of an Acre of*

*Land*, 577 F. Supp. 236 (D. Mass. 1983), the court awarded the government a writ of assistance to

remove a tenant from a building to which the government had acquired title through eminent

domain.

       Here, the Court did not award Plaintiff possession of property or order O'Briant to deliver

property to Plaintiff.   Moreover, the Court did not order O'Briant to perform a specific act.

Plaintiff has cited no case in which a court employed a writ of assistance—as Plaintiff requests the

Court to do here—directing the Marshal's Service to, in effect, conduct a nationwide search for a

defendant in a civil case to enforce a default judgment.   Finally, as O'Briant has not violated an

order of this Court directing him to take a specific action, there is no basis to issue an arrest warrant. *See Dichiara v. Pelsinger*, No. 3:08-cv-1038 (CSH), 2010 WL 3613798, at *1 (D. Conn. Aug. 2010) (court issued arrest warrant based on the defendant's failure to comply with post-judgment discovery order and his failure to appear in court as directed).

For the foregoing reasons, the undersigned recommends that Plaintiff's Motion to Obtain a Writ of Assistance (ECF No. 119) be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated: December 4, 2019                                         /s/ Sally J. Berens
                                                                SALLY J. BERENS
                                                                U.S. Magistrate Judge

3